OPINION
{¶ 1} Shaun Baker appeals from the judgment entry of the Ashtabula County Court of Common Pleas, sentencing him to two years imprisonment for trafficking in cocaine.[1] We affirm.
 {¶ 2} August 24, 2005, Justin Forqurean was working as a confidential informant for the Ashtabula City Police. Mr. Forqurean faced felony drug trafficking charges: he had agreed to become an informant in return for a recommendation by the *Page 2 
state he receive community control sanctions, rather than face imprisonment. This day, he participated in two controlled drug purchases at the Downtown Motel, a suspected haven for drug trafficking, with Sergeant Kaselak of the Ashtabula City Police, and Deputy William Felt, of the Ashtabula County Sheriffs Department. The operation was under the direction of Deputy Felt, then assigned to the Trumbull-Ashtabula-Geauga Law Enforcement Task Force ("TAG").
 {¶ 3} Mr. Forqurean was searched at the Ashtabula Police Department, then given $50. He bicycled to the Downtown Motel, followed by Deputy Felt and Sergeant Kaselak in an unmarked car. Mr. Forqurean entered room seven at the motel, where he met with a woman named Kizzy, and told her he wished to purchase drugs. Kizzy said she knew where to go, and left the room. Deputy Felt observed her outside the room with a man named Nate. Kizzy rode off on Mr. Forqurean's bicycle, returning some five minutes later with Mr. Baker. They entered room seven, where Mr. Forqurean purchased $50 worth of crack cocaine from Mr. Baker.
 {¶ 4} Mr. Forqurean bicycled back to the police station, where he was relieved of the drugs he had just purchased, and searched again, no other drugs or money being discovered. The drugs he had purchased were placed into evidence.
 {¶ 5} Deputy Felt decided to obtain more drugs. He gave Mr. Forqurean $100, and the latter bicycled back to the Downtown Motel, once again followed by the police for observation. In room seven, Mr. Forqurean found Mr. Baker, Nate, and a woman named Shannon. Deputy Felt watched as Nate stepped in and out of the motel room door. Mr. Forqurean requested $100 worth of drugs, which Mr. Baker undertook to obtain. Deputy Felt saw Mr. Baker leave the motel for a few minutes, then return. *Page 3 
Shortly thereafter, he saw Mr. Forqurean leave; and, Deputy Felt followed him back to the police station, where Mr. Forqurean again surrendered the drugs.
 {¶ 6} Tests thereafter revealed the drugs purchased by Mr. Forqurean contained .53 grams of cocaine.
 {¶ 7} In compliance with their arrangement, the state recommended to his sentencing court that Mr. Forqurean receive community control sanctions, not prison, on his own drug charges for his work as an informant. That court refused the recommendation, and sentenced Mr. Forqurean to eight months imprisonment, which he evidently completed in August 2006.
 {¶ 8} December 15, 2006, an indictment in two counts by the Ashtabula County Grand Jury was filed against Mr. Baker: Count One, trafficking in drugs, a fifth degree felony in violation of R.C. 2925.03, with a forfeiture specification; and, Count Two, trafficking in drugs, a fifth degree felony in violation of R.C. 2925.03, also with a forfeiture specification. January 10, 2007, Mr. Baker was arraigned, and pleaded "not guilty" to both counts.
 {¶ 9} May 1, 2007, jury trial commenced. May 2, 2007, the jury returned a verdict of "guilty" on each count. The trial court entered judgment on the verdict that same day. Sentencing hearing was held August 9, 2007. August 10, 2007, the trial court filed its judgment entry of sentence, imposing consecutive, twelve month terms of imprisonment upon Mr. Baker, and ordering him to pay $150 in restitution to TAG.
 {¶ 10} Mr. Baker timely noticed this appeal, assigning one error:
 {¶ 11} "THE [APPELLANT'S] CONVICTION OF TWO COUNTS OF DRUG TRAFFICKING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 4 
 {¶ 12} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.
 {¶ 14} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id. *Page 5 
 {¶ 15} In support of his assignment of error, Mr. Baker notes the state's case against him was based on the testimony of Mr. Forqurean, an admitted drug dealer, who was operating as a police informant under a plea deal with the state. Mr. Baker contends that, under the factors enunciated by the Eighth District Court of Appeals for evaluating criminal manifest weight challenges in State v. Mattison (1985),23 Ohio App.3d 10, 14, Mr. Forqurean's testimony cannot bear the weight of the jury's verdict. Mr. Baker urges that Mr. Forqurean's testimony was necessarily unreliable and self-serving, since he expected to receive the benefit of his plea deal in return.
 {¶ 16} This court has acknowledged the Mattison factors are useful guidelines when considering manifest weight appeals. Cf. State v.Crouse, 11th Dist. No. 2004-L-213, 2006-Ohio-3776, at ¶ 42. The factors include: (1) whether the evidence is incredible; (2) whether the evidence is uncontradicted; (3) whether the witness giving the evidence was impeached; (4) consideration of what was not proved; (5) the certainty of the evidence; (6) the reliability of the evidence; (7) whether the evidence was self-serving for the witness giving it; and (8) whether the evidence is vague, uncertain, conflicting, fragmentary, or illogical. Mattison at 14.
 {¶ 17} Mr. Baker essentially asserts the sixth and seventhMattison factors support his assignment of error; i.e., that Mr. Forqurean's testimony, as that of a drug dealer in receipt of a plea deal, was unreliable and self-serving.
 {¶ 18} We must respectfully disagree. As the state points out, Mr. Forqurean's sentencing court refused to approve the deal made with him, and sent him to prison. By the time he testified against Mr. Baker, he had completed his sentence. The jury was made aware of these facts. Thus, by the time of Mr. Baker's trial, Mr. Forqurean's *Page 6 
motivations for seeking the state's favor had largely dissipated; indeed, since he did not receive the full benefit of his bargain, a jury might conclude his testimony was particularly valuable, as he had reason to retaliate against the state out of spite.
 {¶ 19} The assignment of error is without merit.
 {¶ 20} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 {¶ 21} The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] The correct spelling of Mr. Baker's name is "Shawn." *Page 1